NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIANA GAMEZ-REYES,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 22-1449<br><br>Agency No.<br>A213-082-636<br><br>MEMORANDUM* |
| DIANA GAMEZ-REYES,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-2681<br><br>Agency No.<br>A213-082-636 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2025**
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER, HAMILTON***, and BUMATAY, Circuit Judges.

Petitioner Diana Gamez-Reyes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen and dismissal of her appeal from an immigration judge's ("IJ") denial of her motion to suppress and cancellation of her removal application. We have jurisdiction under 8 U.S.C. § 1252(a), we consolidated her petitions, and we deny the petitions.

Because the BIA conducted its own independent review of the evidence and law in this case, our review is limited to the BIA's decision. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013). We review the denial of a motion to reopen for an abuse of discretion and examine whether the BIA's "decision is arbitrary, irrational, or contrary to law." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) (cleaned up). "We review de novo the denial of a motion to suppress." *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). Finally, we review the BIA's hardship determination for abuse of discretion. *See Wilkinson v. Garland*, 601 U.S. 209, 225 (2024) (holding that "deferential" review applies to the BIA's hardship determination); *see also Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) (explaining the standard of review for mixed questions of law and fact).

***    The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

1. The BIA's denial of Petitioner's motion to reopen was not "arbitrary, irrational, or contrary to law." *Bonilla*, 840 F.3d at 581. The BIA relied on our precedent in determining that any deficiencies in Petitioner's Notice to Appear ("NTA") did not deprive the immigration court of jurisdiction over her removal proceedings. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc) (holding that "§ 1003.14(a) is a nonjurisdictional claim-processing rule"). Moreover, the initial NTA was properly supplemented, and Petitioner appeared at the hearing with counsel. Therefore, no due process violation occurred. *See Hussain v. Rosen,* 985 F.3d 634, 645 (9th Cir. 2021) (holding that substantial prejudice is a required element of a due process claim).

2. No Fourth Amendment violation occurred. As relevant here, for the exclusionary rule to apply in removal proceedings, Petitioner must establish "a prima facie case of an egregious . . . Fourth Amendment violation." *B.R. v. Garland*, 26 F.4th 827, 842 (9th Cir. 2022). Petitioner was arrested for domestic battery in violation of state law. A routine biometrics check after Petitioner's arrest revealed her citizenship and immigration history. *See Maryland v. King*, 569 U.S. 435, 461 (2013) (no Fourth Amendment violation from routine administrative steps incident to arrest, such as booking, photographing, and fingerprinting). This information provided sufficient "reason to believe" Petitioner was a noncitizen "illegally in the United States." 8 C.F.R. § 287.8(c)(2)(i).

3. The BIA did not err in finding that Petitioner failed to demonstrate sufficient hardship to warrant cancellation of removal. In considering all the relevant factors, the BIA found that the effect of Petitioner's removal on her teenaged son did not pose an "exceptional or extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). The BIA adopted the IJ's factual finding that any such hardship would be typical for a teenager transitioning to a new country. The BIA then applied this finding to the correct legal standard. *Matter of J-J-G-*, 27 I. & N. Dec. 808, 813 (BIA 2020) ("[E]vidence that a qualifying relative will experience a 'lower standard of living' in the country of removal, including a lower standard of medical care, 'will be insufficient in [itself] to support a finding of exceptional and extremely unusual hardship.'" (quoting *Matter of Monreal*, 23 I. & N. Dec. 56, 63–64 (BIA 2001))). Thus, no abuse of discretion occurred here.

4. The BIA permissibly declined to reach arguments pertaining to the IJ's alternative ruling that Petitioner was ineligible for cancellation because she lacked good moral character. *See INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Part II of Petitioner's brief to the BIA challenged the IJ's moral-character determination and the IJ's denial of admission of some documents. Part III of the brief challenged the IJ's hardship determination. Petitioner accurately points to a single line in Part II of

4                                                                      23-2681

the brief that asserted—without elaboration—that the documents were relevant to both the moral-character and hardship determinations. But, without any explanation as to how the documents pertained to hardship, the BIA permissibly viewed the documents-related argument as pertaining solely to moral character. Any error was harmless, because Petitioner suffered no prejudice; it is unlikely that the documents would have changed the BIA's hardship determination. *See Zamorano v. Garland*, 2 F.4th 1213, 1227–28 (9th Cir. 2021) (reviewing for harmless error the BIA's failure to address an issue and rejecting the petitioner's argument for lack of prejudice).

**PETITIONS DENIED.**